UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NOVO NORDISK A/S, et al.,
Plaintiffs,
v.
AIOS INC., et al.,
Defendants.

Case No. 25-cv-06560-YGR (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 70

The parties have two disputes concerning a protective order in this case.

**A. In-House Counsel**

In section 7.3, Plaintiffs propose that HC-AEO materials may be disclosed to up to three in-house counsel of the receiving party who have no involvement in competitive decision-making, to whom disclosure is reasonably necessary for this litigation, who have signed the acknowledgment in Exhibit A, and as to whom the procedures in section 7.4 are followed. Defendants propose that in-house counsel not be eligible to receive HC-AEO materials.

The Court agrees with Plaintiffs. Categorically barring in-house counsel from having access to HC-AEO materials has the potential to significantly impede the client's supervision of its own litigation. It would prevent in-house counsel from seeing important evidence and could make in-house review of draft motions and expert reports difficult or impossible. Further, whether to settle or go to trial is the client's decision. It is preferable for each side to have fully informed in-house counsel who can make or advise on that decision, rather than to have everyone at the client be at least one step removed from the evidence in the case. In addition, the procedures Plaintiffs propose provide reasonable protections for HC-AEO materials, and these procedures have proved adequate in other cases.

Accordingly, as to in-house counsel, the Court **ADOPTS** Plaintiffs' proposal.

United States District Court
Northern District of California

United States District Court
Northern District of California

**B. Experts**

The other dispute concerns disclosure of HC-AEO materials to experts. Plaintiffs propose advance disclosure of the experts before HC-AEO materials are provided, together with information about the experts, and an opportunity to object. Defendants propose that Confidential or HC-AEO materials may be disclosed to an expert without disclosure of the identity of the expert as long as the expert is not a current officer, director, or employee of a competitor of a party or anticipated to become one.

Plaintiffs' proposal is better. It gives the litigants an opportunity to object ahead of time if they think there is some reason why a particular expert should not have access to their HC-AEO materials. This advance notice protects both sides because if there is a legitimate reason why a particular expert should not have access to certain materials (that did not occur to the expert), the party who hired that expert learns that soon and can hire a replacement expert well in advance of the due date for expert reports. By contrast, learning that there is a disabling conflict *after* the deadline for expert reports has passed is a nightmare for everyone and for the case schedule.

Defendants argue that in the *Lilly* case before Judge Gilliam the protective order uses the language they propose here. They complain that Plaintiffs' proposed language would let Plaintiffs veto an expert retained in the other lawsuit, forcing Defendants to choose between retaining a new expert in both matters or using different experts to opine on the same topic. However, Defendants are wrong. Plaintiffs' proposed language allows either side to object to an expert, but the ultimate decision is up to the Court; neither side has "veto power" over the other's experts.

Accordingly, the Court **ADOPTS** Plaintiffs' proposal as to experts.

**C. Conclusion**

The Court **ORDERS** the parties to file a stipulated proposed protective order in line with the above rulings.

**IT IS SO ORDERED.**

Dated: September 15, 2026

THOMAS S. HIXSON
United States Magistrate Judge